IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOLITA NELLEM, formerly known as LOLITA NELLEM CHANDLER, <br><br>PLAINTIFF, <br><br>v. <br><br>GC SERVICES LIMITED PARTNERSHIP, <br><br>DEFENDANT. | Case No. 17-cv-07784 <br><br>Jury Demanded |

## COMPLAINT

Plaintiff, Lolita Nellem f/k/a Lolita Nellem Chandler, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 452/2 ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**PARTIES**

6. Plaintiff, Lolita Nellem, f/k/a Lolita Nellem Chandler ("Plaintiff"), is a resident of the State of Illinois, from who Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Department Stores National Bank consumer credit account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant GC Services Limited Partnership ("GCS") is a Delaware limited partnership with its principal place of business at 6330 Gulfton, Houston, Texas 77081. It does or transacts business in Illinois. Its registered agent is CT Corporation System, located at 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

8. GCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. GCS holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10. GCS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is therefore a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Department Store National Bank ("DSNB") consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13. DSNB subsequently charged off the alleged debt.

14. DSNB ceased charging interest and late fees to Plaintiff at the time of the charge-off.

15. DSNB subsequently retained GCS to collect the alleged debt.

16. On or about August 7, 2017, GCS sent a collection letter to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

17. The Letter conveyed information regarding the alleged debt, including the identity of the original creditor, file number and a balance on the alleged debt.

18. The Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

19. The Letter states, in part:

> **\* As of the date of this letter, you owe $1,901.94. Because of interest late charges, and other charges that may vary from day to day, the amount owed on the day you pay may be greater. Hence, if you pay**

3

> **the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.**

20. GCS's client was not authorized to add interest to Plaintiff's account when the Letter was sent.

21. In fact, the balance of the alleged debt has not changed since it was charged off in February of 2017. (Exhibit D, Experian credit report showing Bloomingdale's tradeline).

22. GCS's client similarly was not authorized to add late charges or other charges to Plaintiff's account because the account had already been charged-off.

23. GCS did not intend to add any such charges.

24. It is false for a debt collection letter to imply that the amount might vary when no interest, late charges or other charges will be assessed. *See Ruge v. Delta Outsource Grp.*, Inc., No. 15 CV 10865, 2017 WL 959017 (N.D. Ill. Mar. 13, 2017).

25. A conditional statement about interest and other charges is material because, if it were accurate, it could have affected the amount of debt owed by Plaintiff depending on when she paid it and therefore it would likely be a factor in a consumer's decision-making process. *Id.* at *4 (citing *Lox v. CDA, Ltd.*, 689 F.3d 818, 827 (7th Cir. 2012).

26. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt; or…**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

4

27. GCS misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that interest, late charges and other charges might accrue on the account.

28. GCS threatened to take an action that cannot legally be taken, in violation of 15 U.S.C. §1692e(5), when it threatened to add interest, late charges and other charges to the alleged debt.

29. 225 ILCS 425/9 of the ICAA prohibits the following:

> **. . . (24) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . .**
>
> **. . . (33) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . .**

30. GCS attempted to enforce a right to fees and interest to which they had no right, in violation of 225 ILCS 425/9 of the ICAA, when it threatened to collect interest, late charges or other charges.

31. GCS made this false threat in an attempt to coerce Plaintiff into paying the balance in full on the alleged debt by making Plaintiff afraid that if he did not pay now, or settle the account, that the balance would increase.

32. Plaintiff experienced negative emotions about GCS's threat, including generalized insult, annoyance, aggravation, and other garden variety emotional distress.

33. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

5

## **COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—**

34. Plaintiff re-alleges above paragraphs as set forth fully in this count.

35. GCS misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that interest, late charges and other charges might accrue on the account.

36. GCS threatened to take an action that it did not intend to take, in violation of 15 U.S.C. §1692e(5), when it threatened to add interest, late charges and other charges to the alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

      A.     Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

      B.     Statutory damages from Defendant pursuant to 15 U.S.C. §1692k(a)(2);

      C.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

      D.     Such other or further relief as the Court deems proper.

## **COUNT II—ILLINOIS COLLECTION AGENCY ACT—**

37. GCS attempted to enforce a right to fees and interest to which they had no right, in violation of 225 ILCS 425/9 of the ICAA, when it threatened to collect interest, late charges or other charges.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

      A.     Compensatory and punitive damages;

      B.     Costs; and

      C.     Such other and further relief as is appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha C. Chatman
Michael J. Wood
Holly R. McCurdy
Sarah M. Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com